Denise M. Clark (420480)
Attorney for Plaintiff
The Law Office of Denise M. Clark, PLLC
1250 Connecticut Ave, N.W., Ste. 200
Washington, DC 20036
Phone: (202) 293-0015
Fax:    (202) 293-0115
dmclark@benefitcounsel.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COLUMBIA

| | |
|---|---|
| **CLAUDE ARTHUR**<br>**27865 Liberty Road**<br>**Federalsburg, MD 21632**<br><br>             **Plaintiff,**<br>   vs.<br><br>**LANDIS CONSTRUCTION CO.**<br> **and ETHAN LANDIS, in his individual capacity**<br>**and CHRISTOPHER LANDIS, in his**<br>**individual capacity**<br>**7059 Blair Road, N.W., Suite 300**<br> **Washington, DC 20012**<br><br>             **Defendants.** | Case No. |

Plaintiff Claude H. Arthur, Jr., by his attorney, alleges as follows:

## COMPLAINT

This action challenges Defendants', Landis Construction Corporation, Ethan Landis, and Christopher Landis (collectively "Landis"), practice of failing to pay time-and-one-half for overtime work completed by Plaintiff, Claude H. Arthur Jr. ("Arthur" or "Plaintiff"). Plaintiff

would work on Landis construction projects and jobs for forty hours Monday through Friday of a work week and then was required to work an additional eight to ten hours on Saturday. Plaintiff was never compensated for the eight to ten hours of additional overtime work on Saturdays but was merely paid his regular hourly rate. In sum, Landis has not paid Arthur the lawfully required overtime rates for years of overtime work. This Complaint also concerns Defendants' wrongful termination of Arthur solely to prevent Plaintiff from obtaining coverage of a surgery recommended by his physician and covered under the group health plan maintained by the employer in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). Finally, in conjunction with the employee's wrongful termination is the employer's subsequent failure to offer the employee COBRA coverage in violation of ERISA's notice and disclosure requirements.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and §1337 and supplemental jurisdiction over Plaintiff's District of Columbia Wage and Hour Law claims pursuant to 28 U.S.C. 1367. Additionally, this Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b).

2. This Court has jurisdiction over the subject matter of Plaintiff's ERISA Claims pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. §§ 1132(e)(1), 1132 (a)(3), and 28 U.S.C. § 1331.

3. Venue is proper in the U.S. District Court in the District of Columbia pursuant to 28 U.S.C. §1391(a) and under 29 U.S.C. § 1132(e) because the Landis employee health benefit plan is administered in the District of Columbia, because Arthur worked and

4. earned benefit coverage in the District of Columbia, and the breach of duty to him took place in this District.

4. Plaintiff, Claude H. Arthur, is an adult citizen of the United States residing in the State of Maryland.

5. Defendant, Landis Construction Corporation is a corporation doing business within the District of Columbia.

6. Defendant operates the Landis Construction Corporation offices located at 7059 Blair Road., NW, Suite 300, in Washington, D.C.

7. Upon information and belief, Defendant administers an ERISA-governed employee welfare benefit plan providing health care benefits to its employees, within the meaning of ERISA § 3(3), 29 U.S.C. §1002(3). The Plan can be found in the District of Columbia because it was administered from the District of Columbia and because employees earned and received benefits in the District of Columbia.

8. Upon information and belief, Landis Construction Corporation is the "plan sponsor" for the Landis Construction health benefit plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. §1002(16)(B). Defendant Landis Construction Corporation also serves as the "Plan administrator" for the Landis Construction health benefit plan within the meaning of ERISA § 3(16)(A), 29 U.S.C. §1002(16)(A). As the Plan administrator, Landis Construction Corporation is a "fiduciary" within the meaning of ERISA § 3(21)(A), 29 U.S.C. §1002(21)(A).

9. Upon information and belief, Defendants Ethan and Christopher Landis are trustees of the Landis Construction health benefit plan. As trustees, Ethan and Christopher Landis

are fiduciaries for the plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. §1002(21)(A).

## FACTUAL ALLEGATIONS

10. From approximately July 2006, to August 2007, Arthur was employed by Defendant within the meaning of D.C. Code §32-1301(2).

11. From approximately July 2006, to August 2007, Arthur was employed by Defendant within the meaning of 29 U.S.C. §203 of the FLSA.

12. Plaintiff, in his performance of duties for the Defendant, was engaged in commerce within the meaning of the FLSA.

13. Throughout the Covered Period, Defendant scheduled Plaintiff to work anywhere between 6 and 16 hours per shift/day and for between five to six days.

14. Plaintiff's work shifts for Defendant sometimes totaled more than forty hours per week.

15. Throughout the Covered Period, Landis paid Arthur on an hourly basis, not a weekly salary basis.

16. Throughout the Covered Period, Plaintiff's weekly wages from Landis varied depending on the number of hours Arthur was assigned to work.

17. Throughout the Covered Period, Plaintiff's hourly rate of pay never fluctuated unitl November 2006 when he was given a raise at $12 per hour.

18. For the entire duration of Plaintiff's employment with Landis, Landis did not pay Plaintiff for time-and-one-half work.

19. While on vacation during July 2007, Plaintiff sought medical care and was advised that he had problems with his gallbladder that required surgery.

20. On or about August 2007, Plaintiff advised Alan Hobbs, his supervisor at Landis, about the diagnosis and informed Alan Hobbs that he would require time off for the medically necessary surgical procedure.

21. On September 4, 2007, Plaintiff was required to report to court on a small claims dispute, and when he called to remind Mr. Hobbs of his previously approved absence, Mr. Hobbs told him not to return to work.

22. Landis terminated Arthur effective September 4, 2007, before Arthur could obtain access to health care.

23. Because Arthur was no longer an employee, he could not have the surgery performed, as originally scheduled.

24. Landis never issued a notice offering continuation health coverage as required under COBRA.

## FIRST CLAIM FOR RELIEF—FAIR LABOR STANDARDS ACT

25. Plaintiff alleges and incorporates by reference all of the above allegations, set forth in Paragraphs 10 through 24.

26. Pursuant to the Fair Labor Standards Act, 29 U.S.C.§§ 201 et seq ("FLSA"), Plaintiff alleges that he is (1) entitled to unpaid overtime wages from Landis Construction for his work beyond forty hours per week; and (2) entitled to liquidated damages equal to his unpaid overtime wages under the FLSA.

27. Under the FSLA, Arthur was entitled to overtime compensation from Landis of one and one-half times per regular rate of hourly pay for hours he worked beyond the forty hour work week.

28. By the above course of conduct the Defendant has intentionally and willfully violated the FLSA.

29. Due to Landis' FLSA violation, Plaintiff is entitled to recover from Landis his unpaid overtime compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C. §216(b).

**SECOND CLAIM FOR RELIEF—D.C. MINIMUM WAGE REVISION ACT**

30. Plaintiff alleges and incorporates by reference all of the above allegations, set forth in Paragraphs 1 through 29.

31. Pursuant to the District of Columbia Minimum Wage Revision Act, D.C. Code § 32-1001 ("D.C. Wage and Hour Law"), Plaintiff alleges that he is (1) entitled to unpaid overtime wages from Defendant for his work beyond forty hours per week at time-and-one-half his regular hourly rate; and (2) entitled to liquidated damages equal to amount of his hourly unpaid wages.

32. Under D.C. Wage and Hour Law, Plaintiff was entitled to overtime pay at a rate of time-and-one-half of an employer's regular rate of pay for the hours worked in excess of forty per week. *See* D.C. Code § 32-1003(c).

33. By the above course of conduct, Defendants have intentionally and willfully violated the D.C. Wage and Hour Law.

34. Due to Landis' D.C. Wage and Hour Law violation, Arthur is entitled to recover his unpaid wages, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to the D.C. Minimum Wage Revision Act § 32-1012(a).

## THIRD CLAIM FOR RELIEF: VIOLATIONS OF ERISA

35. Plaintiff alleges and incorporates by reference all of the above allegations, set forth in Paragraphs 1 through 34.

36. On September 4, 2007, Landis terminated Arthur with the specific intent to interfere with his access to health care benefits, specifically Plaintiff's medically necessary surgery, about which Landis had been notified, in violation of ERISA Section 510, 29 U.S.C. §1140.

37. On September 4, 2007, Arthur suffered a qualifying event under ERISA Section 603(2), 29 U.S.C. 1163.

38. On September 4, 2007, Landis failed to provide Arthur with a notice of continuation coverage under COBRA, as required under ERISA Section 606, 29 U.S.C. §1166.

39. As of the date of this Complaint, Arthur still has not received notice of continuation coverage or ability to apply for and pay for COBRA coverage.

40. Landis breached its fiduciary duty by terminating Arthur to prohibit Arthur's access to plan benefits.

41. Landis breached its fiduciary duty by failing to issue notice of continuation coverage as required under ERISA Section 606, 29 U.S.C. §1166, and by failing to offer continuation coverage to Arthur.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

42. Award Arthur the following unpaid wages:

    a. His unpaid hourly wages under the D.C. Wage and Hour Law

    b. His unpaid hourly wages under the Fair Labor Standards Act

7

43. Award Arthur liquidated damages:

    a. Liquidated damages under the D.C. Wage and Hour Law of ten percent (10%) of the unpaid wages per working day after the day that wages were due; and,

    b. Liquidated damages equal to his unpaid overtime compensation under the FLSA;

44. Award Arthur prejudgment interest under the D.C. Wage and Hour Law;

45. Award Arthur daily penalty for Landis' failure to issue a COBRA continuation coverage as required under ERISA, as required under ERISA Section 502(c)(1), 29 U.S.C.§1132(c)(1);

46. Award Arthur out–of-pocket medical costs that would have been covered under the health plan;

47. Award Arthur other appropriate make-whole relief;

48. Award Arthur appropriate equitable relief under ERISA Section 502(a)(3);

49. Award Arthur reasonable attorney's fees as well as the costs of this action under FLSA 29 U.S.C. §216(b) and under ERISA Section 502(g)(1), 29 U.S.C. §1132 (g);

50. Award Arthur such other relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: February 11, 2008                    Respectfully submitted,


                                            /s/ Denise M. Clark
                                            Denise M. Clark (420480)
                                            The Law Office of Denise M. Clark
                                            1250 Connecticut Ave, N.W.
                                            Suite 200
                                            Washington, D.C. 20036
                                            (202) 293-0015
                                            dmclark@benefitcounsel.com

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Claude Arthur | Landis Construction Company, Ethan Landis and Christopher Landis |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888 (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001 (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| The Law Office of Denise M. Clark<br>1250 Connecticut Ave, NW<br>Suite 200<br>Washington, DC 20036 | |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**
Any nature of suit from any category may be selected for this category of case assignment.
*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
| ☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ○ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
This action for unpaid overtime compensation and wrongful termination arises under the Fair Labor Standards Act and ERISA.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE  2/11/08     SIGNATURE OF ATTORNEY OF RECORD  _/s/_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.