UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CLAUDE ARTHUR**
      **Plaintiff,**

v.                                            Civil Action No.  08-230 (PLF)

**LANDIS CONSTRUCTION CO., ET AL.**

      **Defendants.**

**DEFENDANTS' ANSWER**

Defendants respond to the numbered paragraphs of the complaint herein as follows:

1. This paragraph consists of plaintiff's characterization of the Court's jurisdiction over this action, a conclusion of law to which no response is required.

2. This paragraph consists of plaintiff's characterization of the Court's jurisdiction over this action, a conclusion of law to which no response is required.

3. This paragraph consists of plaintiff's characterization of the Court's jurisdiction over this action, a conclusion of law to which no response is required.

4. Defendants are without sufficient information to admit or deny.

5. Admitted

6. admitted

7. The first sentence of this paragraph is a legal conclusion to which no answer is required. Defendants admit the second sentence.

8. This paragraph consists of legal conclusions to which no answer is required.

9. The second sentence consists of legal conclusions to which no answer is required. The first sentence is admitted.

10. Defendants admit only that plaintiff was employed by Landis Construction from November 2006 to August 2007.

11. Defendants admit only that plaintiff was employed by Landis Construction from November 2006 to August 2007.

12. This paragraph consists of legal conclusions to which no answer is required.

13. Defendants admit only that plaintiff's hours and days of work varied; defendants deny that plaintiff was scheduled to work more than eight hours per day or more than five days per week.

14. Defendants admit only that in only three of the weeks that plaintiff worked for defendants did his hours exceed 40 per week; two weeks where he recorded 41 hours and one week where he recorded 48 hours.

15. Admitted

16. Admitted

17. Admitted

18. Admitted

19. Defendants do not have sufficient information to admit or deny.

20. Defendants do not have sufficient knowledge to admit or deny.

21. Defendants do not have sufficient information to admit or deny.

22. Admit only that plaintiff was terminated on September 4, 2007 due to gross misconduct, including failure to report for work and excessive use of sick leave.

23. Defendants do not have sufficient information to admit or deny.

24. Admit no COBRA notice was issued to plaintiff but deny that he qualified to receive one since he was terminated for gross misconduct.

25. Defendants repeat their responses to paragraphs 1-24.

26. This paragraph consists of plaintiff's characterization of over this action, a conclusion of law to which no response is required.

27. This paragraph consists of plaintiff's characterization of over this action, a conclusion of law to which no response is required.

28. Denied

29. Denied

30. Defendants repeat their responses to paragraphs 1-29.

31. This paragraph consists of plaintiff's characterization of this action, a conclusion of law to which no response is required.

32. This paragraph consists of plaintiff's characterization of this action, a conclusion of law to which no response is required.

33. Denied

34. Denied

35. Defendants repeat their responses to paragraphs 1-34.

36. Denied

37. This paragraph consists of plaintiff's characterization of this action, a conclusion of law to which no response is required.

38. Deny that defendants were required to provide plaintiff with a COBRA notice since he was terminated for gross misconduct.

39. Admit that defendants have not sent plaintiff a COBRA notice but deny that one is required.

40. Denied

41. Denied

Paragraphs 42-50 contain plaintiff's claims for relief, to which no response is required. To the extent a response is required, Defendants state that plaintiff is not entitled to the relief requested or any relief whatsoever.

All allegations in the complaint not specifically admitted are denied.

FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

SECOND DEFENSE

Plaintiff failed to mitigate damages and/or some or all of his claims are barred by the applicable statutes of limitations.

THIRD DEFENSE

Defendants reserve the right to assert affirmatively any other defense that constitutes an avoidance or affirmance under Federal Rule of Civil Procedure 8(c).

Wherefore, defendants request that the complaint be dismissed and that defendants be awarded their costs and any other appropriate relief.

-----------/s/-------------------------------------
Joel P. Bennett, Bar No. 145227
Law Offices of Joel P. Bennett, P.C.
1208 Eton Court, NW
Washington, D.C. 20007-3239
202-625-1970
202-625-1973-facsimile
e-mail: jbennett@radix.net
Attorney for Defendants